UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MUGUNGA RIVUZE PATRICK,<br><br>    Plaintiff,<br><br>v.<br><br>MERRICK GARLAND, United States Attorney General; ALEJANDRO MAYORKAS, Acting Secretary of the Department of Homeland Security; TRACY RENAUD, Senior Official Performing the Duties of the Director of the United States Citizenship and Immigration Services; DAVID DOUGLAS, District Director, Kansas City District Office, United States Citizenship and Immigration Services;  WILLIAM J. CONNOR, Omaha Field Office Director, United States Citizenship and Immigration Services,<br><br>    Defendants. | 4:20-cv-04193-LLP<br><br><br>**PROTECTIVE ORDER** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure:

1. Any Party shall have the right to identify and designate as "CONFIDENTIAL", pursuant to this Protective Order, any documents or other materials it produces or provides, or any testimony given, which testimony or

discovery material is believed in good faith to constitute, reflect or disclose its non-public, sensitive, personal, privileged and confidential information, including, but not limited to, any information protected by the Privacy Act of 1974, as amended by 5 U.S.C. § 522a ("Confidential Material").

2. In any deposition, the parties may designate any testimony Confidential Material within 30 days of receiving the deposition transcript by notifying opposing counsel in writing of the page and line numbers of the testimony deemed confidential and the bases for suck designation.

3. Counsel may designate documents that have already been produced in this litigation as Confidential Material so that such documents are covered by this Order retroactively or counsel may designate documents as Confidential Material at the time the documents are produced.

4. If a party disagrees with the designation of any documents as Confidential Material, then the parties to the dispute will attempt to resolve the dispute on an informal basis within 20 days of receiving the documents from the other party or 60 days before trial, whichever date is earlier. If the parties cannot agree on the Confidential Material designation, then the party claiming the need for confidentiality shall present the dispute to the Court. All items objected to shall continue to be treated as Confidential Material pending resolution of the dispute.

5. All Confidential Material shall be retained only in the custody of the respective counsel of record, who shall be responsible for restricting disclosure in accordance with provisions of this Order. Specifically, counsel of record shall

retain all Confidential Material within the confines of their personal offices except as is necessary to conduct the present litigation.

6. All Confidential Material shall be designated so by marking the words "CONFIDENTIAL" or some similar phrase on the face of the documents.

7. All Confidential Material and the facts and information in the Confidential Material shall not be disclosed to any person except as specifically provided for below.

8. Access to Confidential Material shall be limited to the plaintiff, defendants and their agents or officers, counsel of record for the respective parties to this action, regular employees and law clerks of said counsel who are assisting in the prosecution of this litigation, expert witnesses identified by counsel, consulting experts, and appropriate court personnel in the regular course of litigation. The Confidential Material may also be shown to witnesses during depositions taken in connection with this litigation.

9. Disclosure of the Confidential Material to the plaintiff, defendants and their agents or officers, and/or to any other persons other than counsel of record in accordance with the terms of this Protective Order must be accompanied by a copy of this Protective Order, and counsel must inform said person(s) of the terms of this Protective Order, and said person(s) must agree to be bound by its terms.

10. If it becomes necessary to submit Confidential Material to the Court in connection with any filings or proceedings in this litigation, the party using it shall file such Confidential Material under seal with the Clerk of the Court as

this Order grants the parties leave to file Confidential Material under seal. A party that files Confidential Material under seal with the Clerk of Court does not need to seek leave of court.

11. Nothing in this Order shall be construed to restrict the use or disclosure of any documents which a party or non-party shall have acquired from independent sources.

12. Upon final conclusion of this litigation, including any appeals, counsel to whom Confidential Material has been disclosed shall return such Confidential Material (and all copies thereof and all other papers containing such Confidential Material) to the attorney for the party who produced it, or take measures to destroy the Confidential Material.

13. This Order may be modified or amended by agreement of the parties or upon further Order of the Court.

14. This Order shall be vacated on January 1, 2028 or upon further order of the Court.

Dated this 20th day of May, 2021.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge